## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

*Civil Action No.*

**JANE DOE**

      **Plaintiff,**

    **v.**

**FRANK DANIEL MALOIT,**

      **Defendant.**

---

### COMPLAINT AND JURY DEMAND

---

Plaintiff, by and through her undersigned counsel, Baker Law Group, LLC, hereby asserts the following claims for relief against the above-named Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1.　　Plaintiff is an individual residing in Colorado.

2.　　Plaintiff is using a pseudonym rather than her real name, as permitted by 15 U.S.C. § 6851(b)(3)(B), to protect her from further public embarrassment and injury. A sealed Motion to Proceed Under Pseudonym will be filed promptly.

3.　　Defendant is an individual residing in Weld County, Colorado.

4.　　Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction over all civil actions arising under any laws of the United States.

1

5.     This action is brought pursuant to 15 U.S.C. § 6851, based upon Defendant's unlawful and unauthorized disclosure of intimate visual depictions of Plaintiff using a means or facility of interstate commerce.

6.     This Court also has supplemental jurisdiction over Plaintiff's claims brought under Colorado state law, pursuant to 28 U.S.C. § 1367(a), to the extent that such state law claims "are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"

7.     Colorado state law addressing similar claims resulting from the same or similar conduct provides additional relief. *See* Colo. Rev. Stat. Secs. 13-21-1401, *et seq*.

8.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391, as Defendant is a resident of the State of Colorado.

## GENERAL ALLEGATIONS

9.     Plaintiff incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

10.     Plaintiff and Defendant were married between December 19, 2006, and March 22, 2018.

11.     Plaintiff and Defendant lived together for approximately three months post-divorce in South Dakota.

12.     Upon information and belief, Defendant current resides at 365 Poppyview Lane, Erie, CO 80516.

13.     Upon information and belief, Defendant worked – and continues to work – remotely from his residence.

2

14.     In late April or early May 2022, Plaintiff began receiving phone calls and emails at her place of employment – a school – from strangers, who informed Plaintiff that there existed compromising photographs of her online.

15.     Plaintiff discovered that there were approximately fifty-six photographs (hereinafter the "Photographs") of her online which depicted her in various states of undress – including some in which her genitals and other private areas were fully visible. Plaintiff's face was visible in some or all of the Photographs.

16.     Some Photographs were taken by Defendant of Plaintiff, and others were taken by Plaintiff of herself, and all were taken at a time when Plaintiff and Defendant were still married.

17.     Based upon information and belief, the Photographs were taken in multiple sets between approximately May 2006 and October 2012.

18.     The Photographs were originally taken with Plaintiff's understanding that they were intended for her and Defendant's private use, and she never consented to their disclosure to others.

19.     At some point between May and August 2022, Defendant admitted that he had previously posted them to a website called – to Plaintiff's recollection – RedClouds, where users can share amateur explicit and pornographic content.

20.     It is believed that the Photographs subsequently spread to a number of other websites, including but not limited to Twitter, Tumblr, 4chan, HomePornBay, Eporner, MaturePornPics, XVdeos, Imgur, and EroticPics.[1]

---

[1] A list of current and former sites containing the complained-of images will be provided after the Court rules on Plaintiff's Motion for Leave to File Under Seal, which will be filed after Defendant has been served with a copy of the Complaint and Summons.

21.     It is not entirely clear when Defendant first shared the Photographs online, but Plaintiff was able to trace them as far back as 2016, when they were posted to a 4chan imageboard.[2]

22.     On some websites, the Photographs in question were accompanied by a "slideshow" containing details including Plaintiff's name, employment information, and work contact information; and were interspersed with other photographs of Plaintiff taken from her Facebook profile page and from the website for the school at which she was employed.

23.     Defendant claimed he had been attempting to get the Photographs taken down for years and speculated that someone had used the PimEyes facial online recognition software on the Photographs to determine Plaintiff's identity and place of employment.

24.     Plaintiff has since had to bring the matter to the attention of her employer, including requesting her employer remove her work photograph from its website, and requesting to change her work email address. Plaintiff is terrified that students at her place of employment will find the Photographs online.

25.     Plaintiff hired an attorney in an attempt to get the Photographs removed from various websites, but only some websites complied.

26.     Plaintiff has paid $79.99 per month since May 2022 for a subscription to PimEyes in order to block people from searching for the Photographs online, though this has not been completely successful.

---

[2] In 2016, Plaintiff and Defendant were residing in Colorado, but it is not clear how soon the Photographs were posted to 4chan following their dissemination via Redclouds.

27.     It has proven difficult, if not impossible to completely remove all Photographs from the Internet. After learning of the disclosure of the Photographs, Plaintiff retained legal counsel to assist in the removal of the Photographs from the Internet.

28.     This prior counsel sent removal notices to a number of websites, most of which were either not seen or disregarded completely.

29.     Prior counsel also made requests to Google to remove multiple URLs from its search results, only some of which were granted.

30.     The Photographs continue to proliferate across the Internet and remain readily accessible at various URLs.

31.     People have messaged Plaintiff about the Photographs on Facebook, despite the fact that her Facebook profile uses a pseudonym.

32.     Plaintiff believed that Defendant had deleted the Photographs from his hard drive, but Defendant subsequently made statements indicating he had not done so, and it is not clear whether the Photographs remain in his possession in physical or electronic form.

33.     Plaintiff has been forced to notify her employment superiors of this harrowing and embarrassing ordeal, as well as expend her own funds in an attempt to get the Photos removed from online publication.

34.     As a result of Defendant's actions, Plaintiff has incurred expenses for, among other things, hiring an attorney to attempt to get the Photographs taken off the Internet, subscribing to PimEyes, in addition to suffering mental distress, anxiety, reputational damage, humiliation, fear, and uncertainty.

35.     Plaintiff continues to live in fear of others, including her own children, becoming aware of and having access to these Photographs.

**FIRST CLAIM FOR RELIEF**
*Disclosure of Intimate Images – 15 U.S.C. § 6851*

36.     Plaintiff incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

37.     In April or May 2022, Plaintiff discovered the Photographs had been posted online.

38.     Said Photographs were intimate in that some or all of them depicted Plaintiff's uncovered genitals, pubic area, anus, and/or postpubescent nipple(s).

39.     Plaintiff was identifiable in the Photographs, in that some or all such Photographs depicted her face, allowing for others to determine her name and employment information.

40.     Plaintiff had no reason prior to that time to believe that the Photographs had been posted online, nor did she ever consent thereto.

41.     The Photographs were taken by Defendant when he and Plaintiff were married, and with the understanding that the Photographs would only be used for their private purposes.

42.     As such, Plaintiff had a reasonable expectation of privacy regarding the Photographs, and no expectation that they would be shared with others.

43.     Despite this, Defendant intentionally disclosed the Photographs to others on the Internet, despite knowing or acting with reckless disregard as to whether Plaintiff did not consent to said disclosure, the Photographs private and intimate images, and Plaintiff was identifiable as depicted therein.

44.     Defendant did so via interstate or foreign commerce, and/or by using a means or facility of interstate commerce, by posting the Photographs to the Internet.

45.     Said disclosure was not made in good faith with respect to a matter of law enforcement, legal proceedings, or medical education or treatment; in the reporting or investigation of unlawful conduct, unsolicited and unwelcome conduct, or a matter of public interest; or otherwise in a manner reasonably intended to assist Plaintiff.

46.     As a result, Plaintiff has suffered economic harm including but not limited to the cost of hiring an attorney to attempt to get the Photographs removed from Internet; as well as emotional and noneconomic harm including but not limited to mental and emotional distress, anxiety, reputational damage, humiliation, fear, and uncertainty.

47.     As a result, and pursuant to 15 U.S.C. § 6851, Plaintiff is entitled to injunctive relief ordering Defendant to cease the display or disclosure of the visual depictions in question; in addition to liquidated damages in the amount of $150,000.00, along with the cost of this action, reasonable attorney fees, and other reasonably incurred litigation costs.

## SECOND CLAIM FOR RELIEF
*Unauthorized Disclosure of Intimate Images – C.R.S. §§ 13-21-1401 et seq.*

48.     Plaintiff incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

49.     In April or May 2022, Plaintiff discovered the Photographs had been posted online.

50.     Said Photographs were intimate in that some or all of them depicted Plaintiff's uncovered genitals, pubic area, anus, and/or postpubescent nipple(s).

51.     Plaintiff was identifiable in the Photographs, in that some or all such Photographs depicted her face, allowing for others to determine her name and employment information.

52.     Plaintiff had no reason prior to that time to believe that the Photographs had been posted online, nor did she ever consent thereto.

53.     The Photographs were taken by Defendant when he and Plaintiff were married, and with the understanding that the Photographs would only be used for their private purposes.

54.     As such, Plaintiff had a reasonable expectation of privacy regarding the Photographs, and no expectation that they would be shared with others.

55.     Despite this, Defendant intentionally disclosed the Photographs to others on the Internet, despite knowing or acting with reckless disregard as to whether Plaintiff did not consent to said disclosure, the Photographs private and intimate images, and Plaintiff was identifiable as depicted therein.

56.     Said disclosure was not made in good faith with respect to a matter of law enforcement, legal proceedings, or medical education or treatment; in the reporting or investigation of unlawful conduct, unsolicited and unwelcome conduct, or a matter of public interest; or otherwise in a manner reasonably intended to assist Plaintiff.

57.     As a result, Plaintiff has suffered economic harm including but not limited to the cost of hiring an attorney to attempt to get the Photographs removed from Internet; as well as emotional and noneconomic harm including but not limited to mental and emotional distress, anxiety, reputational damage, humiliation, fear, and uncertainty.

58.     As a result, and pursuant to C.R.S. § 13-21-1406, Plaintiff is entitled to the grater of the aforesaid economic or noneconomic damages or $10,000.00 for each unauthorized

disclosure; as well as any statutory or punitive damages otherwise provided by law, and reasonable attorney fees and costs.

59.     Said harm continues to accumulate as the Photographs continue to proliferate.

### THIRD CLAIM FOR RELIEF
*Request for Permanent Injunctive Relief Against Defendant*

60.     Plaintiff incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

61.     Pursuant to 15 U.S.C. 6851(b)(3)(A)(ii), in addition to any other relief available at law, the Court may order equitable relief, including a temporary restraining order, or a temporary or permanent injunction, ordering Defendant to cease the display and disclosure of the visual depiction in question.

62.     Likewise, pursuant to C.R.S. § 13-21-1406(2)(b), this Court may order injunctive relief for Plaintiff.

63.     Plaintiff has requested a temporary restraining order and preliminary injunction against Defendant by a separate Motion filed alongside this Complaint, requesting the Court order Defendant to cease the display or disclosure of the visual depictions in question.

64.     Plaintiff requests the Court make this injunction permanent at the conclusion of this action, as well as ordering Defendant to delete or destroy any remaining physical or electronic version of any and all photographs, videos, or other intimate visual depictions of Plaintiff still remaining in Defendant's possession, custody, or control.

65.     Plaintiff also seeks a permanent injunction prohibiting Defendant from engaging in any further unlawful acts intended to harm Plaintiff using the Photographs or any other such visual depictions.

66.     Finally, Plaintiff seeks any other appropriate injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

1.      That this matter be set for jury trial on all issues so triable;

2.      Injunctive relief, in the form of an order requiring Defendant to delete or destroy any remaining physical or electronic versions of any and all photographs, videos, or other depictions of Plaintiff in any state of undress (or in the nude) still remaining in Defendant's possession, custody, or control; and

3.      Judgment against Defendant as follows:

    a.   The greater of either the economic and noneconomic damages caused by Defendant's disclosures, including damages for emotional distress, or statutory damages of up to $10,000.00, pursuant to C.R.S. § 13-21-1406(1)(a)(II);

    b.   $150,000.00 in statutory damages, pursuant to 15 U.S.C. § 6851;

    c.   Punitive damages as allowed by law; and

    d.   Costs, attorney fees, and such other and further equitable relief as this Court deems just and proper.

Dated: August 28, 2024

*/s/ Joseph A. O'Keefe*
Joseph A. O'Keefe, Colo. Bar #52229
BAKER LAW GROUP, LLC
7035 Campus Drive, Suite 702
Colorado Springs, CO 80920
*Attorneys for Plaintiff*

**VERIFICATION**

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is

true and correct.

Executed this <u>28</u> day of <u>August</u>, 2024.

<u>Jane Doe</u>

*Jane Doe*
Jane Doe (Aug 28, 2024 21:36 MDT)

Printed Name of Plaintiff                                        Signature of Plaintiff