IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-02383-PAB-KAS

JANE DOE,

    Plaintiff,

v.

FRANK DANIEL MALOIT,

    Defendant.

---

**DEFENDANT'S UNOPPOSED D.C.COLO.L.Civ.R. 7.2 MOTION TO RESTRICT CONTEMPORANEOUSLY FILED DECLARATION OF FRANK MALOIT IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11(c)**

---

Defendant Frank Maloit, by and through his attorneys of record, Springer & Steinberg, P.C., and pursuant to D.C.COLO.L.Civ.R. 7.2, files this Motion to Restrict Defendant's Contemporaneously Filed Declaration of Frank Maloit in Support of Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c) ("Rule 11 Motion") and requests that access to the Declaration be restricted to Level 1 access, thereby limiting access to only the parties and the Court. Defendant further requests that the Court attach a copy of the Declaration to Defendant's Rule 11 Motion (ECF 14) with Level 1 restriction.

### I. Certificate of Conferral

Doe's counsel has indicated this motion is unopposed.

### II. Introduction

On October 15, 2024, Defendant filed his Rule 11 Motion, which was to be supported by Defendant's Declaration and a number of exhibits. Defendant inadvertently omitted his

1

supporting Declaration when filing, although the Declaration was previously served on Plaintiff's counsel. As described in Defendant's Motion to Restrict the Rule 11 Motion and herein, the Declaration references restricted exhibits and contains information that could be utilized by members of the public to more easily identify Doe's true identity. To that end, and in an abundance of caution to protect the privacy interests of the parties, Defendant seeks Level 1 Restriction for his Declaration such that only the Court and parties can access it.

### III.     Standard of Review

District of Colorado Local Civil Rule 7.2 permits a court to restrict access to court documents and proceedings where (1) a party's privacy interests outweighs the presumption of public access, public interest; (2) there is a clearly defined and serious injury that would result if access is not restricted; and (3) where no alternative to restriction is practicable or why only restriction will adequately protect the interest in question. D.C.COLO. LCivR 7.2(c).

While courts recognize a common-law right of access to court records, the right is not absolute. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Courts are thus granted discretion to seal documents where the public's access right is outweighed by competing interests. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). Courts weigh the public interests against those advanced by the parties. *Id*. To overcome the presumption of public access, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [court's] decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011) (quoting *Helm*, 565 F.3d at 1291) (internal quotation marks omitted).

"[P]rivacy interests have been found to be sufficiently compelling to overcome the presumption of openness." *Huddleson v. City of Pueblo, Colorado*, 270 F.R.D. 635, 637 (D. Colo. 2010). Moreover, claims relating to the alleged improper disclosure of intimate images include statutory grants of privacy. 15 U.S.C. § 6851(b)(3)(B) (permitting anonymity for a plaintiff through a pseudonym); Colo. Rev. Stat. § 13-21-1405(1) (permitting use of a pseudonym, permitting a court to exclude or redact identifying characteristics of a plaintiff from all pleadings and documents filed in an action, and permitting a court to make further orders as necessary to protect the identity and privacy of a plaintiff). Further, courts are permitted to order any filing to be made under seal without redaction, Fed. R. Civ. P. 5.2(d), and information regarding minors must be limited to their initials and otherwise redacted, Fed. R. Civ. P. 5.2(a)(3).

**IV. Argument**

Level 1 restriction for Defendant's Declaration, such that only the Court and parties can access the materials, is appropriate.

First, the existence of <u>any</u> publicly accessible information about this case makes it possible (indeed, quite easy) for a motivated party to identify Doe's identity in light of Doe's allegations concerning her relationship history with Defendant, who is a named party. Defendant does not provide further information here as doing so would essentially create a road map to Doe's identity, but such information is discussed in more detail in the Declaration. Nonetheless, given the privacy interests specifically identified by the statutes at issue in this case, it is clear that the parties' privacy interests, including Doe's privacy interests and those of the parties' children, outweigh the public's right to access court files.

Second, the details provided in the Declaration could help a motivated user to identify publicly available information relating to Doe and could also lead individuals to information about the parties' children. The children certainly have legitimate privacy interests that are not outweighed by the public's right to court files, and, despite Doe's prior conduct in co-creating and authorizing posting of pictures to RedClouds, Doe has legitimate privacy interests with respect to the remaining information that the parties have thus far been unsuccessful in removing from sites on which third parties (although Doe alleges that Defendant was responsible) reposted her original content.

Third, Defendant contends that there is no viable alternative to restriction here. While the Declaration uses the pseudonym "Doe," the descriptions of issues between the parties and Doe's conduct could assist members of the public in identifying her—a concern given her employment at a school (ECF 1, ¶14). The very private nature of the dispute between Doe and Defendant weighs in favor of restriction and against public access.

## V. Conclusion

For the foregoing reasons, the Court should permit Defendant's Declaration in Support of his Rule 11 Motion to be filed and maintained under Level 1 Restriction. Additionally, a copy of the Declaration of Frank Maloit should be attached to Defendant's Rule 11 Motion (ECF 14) as a Level 1 Restricted exhibit.

Dated: November 11, 2024.                    Respectfully submitted,

*s/Keith R. Scranton*
Jeffrey A. Springer, #6793
Keith R. Scranton, #42484
Christopher S. Maciejewski, #28963
SPRINGER & STEINBERG, P.C.
1400 S. Colorado Blvd., Suite 500
Denver, Colorado 80202
Telephone: 303-861-2800
Fax: 303-832-7116
jspringer@springersteinberg.com
kscranton@springersteinberg.com
cmaciejewski@springersteinberg.com
*Attorneys for Defendant Frank Maloit*

## CERTIFICATE OF SERVICE

  I hereby certify that on November 11, 2024, I caused the foregoing to be served on the following attorney via CM/ECF:

Joseph A. O'Keefe
Baker Law Group, LLC
7035 Campus Drive, Suite 702
Colorado Springs, CO 80920
joseph@jbakerlawgroup.com
*Attorneys for Plaintiff Jane Doe*

                *s/Heather M. Bolton*
                Heather M. Bolton, Paralegal