IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-02383-PAB-KAS

JANE DOE,

    Plaintiff,

v.

FRANK DANIEL MALOIT,

    Defendant.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM (DOCKET NO. 33)

Defendant Frank Maloit Responds to Plaintiff's Motion for Leave to Proceed Under Pseudonym, Docket No. 33, as follows:

**I.    Introduction**

Defendant does not object to and does not take a position on the propriety of Plaintiff's request to proceed under pseudonym, despite Plaintiff's multiple public filings and the publication by third parties of Plaintiff's lawsuit. However, upon seeing the Plaintiff's additional requests for relief in Plaintiff's wherefore clause, Docket No. 33 at p. 5, about which Plaintiff did not confer, Defendant objects to Plaintiff's additional requests as phrased because they are unworkable, unreasonable, and make it impossible for Defendant to properly defend himself in this action, elsewhere, and to otherwise continue to function as a father and community member.

**II.    Conferral Background**

Defendant's counsel notes that while Plaintiff's counsel sent an email to confer regarding Docket No. 33 after 4:00 p.m. on November 20, 2024, in which Plaintiff's counsel asked only for Defendant's position on "[a] motion for leave for our client to proceed under a pseudonym," the

1

undersigned was not in a position to respond to the conferral request until later in the day on November 21, 2024, after which he had conferred with Defendant and completed a previously scheduled deposition. At the time the undersigned responded, Plaintiff had filed her motion without awaiting a response and without reaching out further.

### III. Response

Doe makes four requests for relief in her motion to proceed under pseudonym: (1) that Plaintiff be permitted to proceed as "Jane Doe"; (2) that Defendant be prohibited from identifying Plaintiff in any document or pleading filed in this action; (3) that Defendant be prohibited from identifying Plaintiff to any persons not directly involved in this action; and (4) that Defendant be prohibited from disclosing any information in any circumstances that "would lead" to Plaintiff being readily identified by anyone familiar with the intimate issues at the center of this action. Docket No. 33 at p. 5.

While Defendant does not object to her first request for relief, her remaining requests are unreasonable, unworkable, and in light of her refusal or failure to take timely or proper steps to seek restriction or request permission to use a pseudonym when she filed this action three months ago, would create an impossible scenario for Defendant.

As the Court is aware, Plaintiff's multiple public filings, all made before Plaintiff's proffered "November[] day of reckoning[,]" Docket No. 19 at p. 9, directly led to members of the public finding and posting Plaintiff's action on the City of Erie Facebook page, leading to a Boulder Weekly Article. This ultimately forced Defendant, who was engaged in a political campaign, to make a careful response on November 4, 2024 while not doing anything to identify Plaintiff, *see* Docket No. 34-2, which occurred two days <u>after</u> members of the public discovered

and began posting Plaintiff's lawsuit to social media and attacking Defendant because of Plaintiff's public filings, Docket No. 26-2 at ¶¶3-6.[1]

Because of Plaintiff's actions, Defendant has incurred significant damages, including permanent and widespread reputational harm. As such, while Defendant does not object to Plaintiff proceeding as Jane Doe, and while Defendant has no intention of publicly identifying Plaintiff in public filings in this case, Plaintiff's second, third, and fourth requests for relief are unreasonable and, given the ongoing issues between the parties outside of this litigation, *see, e.g.*, Docket No. 34 (noting the parties' children and custody issues), would be impossible for Defendant to comply with.

With respect to Plaintiff's second request for relief, the evidence that must be filed with certain anticipated filings in this case (should it proceed forward beyond a ruling on the Rule 11 Motion, Docket No. 14) will necessarily include some identification of Plaintiff. *See, e.g.*, restricted Docket Nos. 14, 14-1, 14-2, 14-3, and 14-5. Moreover, Plaintiff does not provide any framework for defining the term "identifying." For example, she notes an issue with referring to her prior relationship status with Defendant—but she has filed her status in numerous public documents, including Docket Nos. 33 and 34—both of which are publicly filed motions that she appears intent on remaining public as she did not ask that they be restricted. Yet, she includes the parties' prior relationship status as a basis for asking that Defendant not be allowed to identify her, including, apparently, by former relationship status. *See* Docket No. 34 at ¶ 18. Thus, if there is future briefing regarding discovery disputes, summary judgment, or even the simple act of

---

[1] Plaintiff's implication that Defendant first posted information about Plaintiff's case to Facebook on November 4, 2024 to respond to the Boulder Weekly article, and thus caused more attention to be drawn to the lawsuit, Docket No. 34 at ¶8, is false. The fact is that members of the public had been posting Plaintiff's information at least as early as November 2, 2024. Docket No. 26-2.

summarizing the parties' respective positions in the Scheduling Order, Plaintiff's request could make it impossible, or at least unreasonably difficult, to provide the Court with necessary information (especially as Plaintiff's request does not have a carve out for materials that would be filed under restriction).

With respect to Plaintiff's third and fourth requests for relief, while Defendant certainly has no desire or intent to inform others of Plaintiff's identity with respect to this case, the requests, as phrased, would make it impossible for Defendant to work to repair his reputation and to publicly defend himself in light of presently public postings. Those requests would also make it impossible for Defendant to communicate with anyone regarding his children and Plaintiff as Plaintiff's actions have caused widespread knowledge of her claims in Erie, Colorado. *See* Docket No. 26-3. For example, given widespread publication of Plaintiff's lawsuit to more than 16,000 members of the Erie, Colorado town Facebook page, it will be impossible for Defendant to comply with Plaintiff's requested relief because he and his children, when they are with him, live in Erie, Colorado. Thus, it is likely that one or more persons with whom he must interact are aware of the lawsuit. Given this likelihood, even a passing mention of the mother of Defendant's children in the most innocent of contexts could alert them to her true identity and cause a perceived violation of her requests for relief.

Similarly, Defendant and Plaintiff must still interact and identify each other with respect to matters involving their children, including to other governmental institutions and officials, professionals who may have cause to see the parties' children, etc. If any of those individuals are already aware of this lawsuit and Plaintiff's self-identification as Defendant's ex-wife in her multiple public filings, including those that cannot be restricted (e.g., those saved and posted to Facebook), Defendant's discussion (or even mention) of her past relationship status or name in

4

the course of a parent teacher conference or other matter could be twisted by Plaintiff into an alleged violation of her third and fourth requests.

The fact is that while Defendant does not object to Plaintiff proceeding as Jane Doe, her refusal to use the restriction process offered under D.C.COLO.L.Civ.R. 7.2,[2] which permits documents to be filed and held under restriction until a ruling has been made as to restriction, has allowed literally tens of thousands of members of the public to become aware of this case, and has further caused Defendant significant damages and widespread reputational harm. It would be improper to enter an order that would make it impossible for Defendant to continue to function in this case, to work on repairing his reputation against Plaintiff's false allegations, to properly participate in other matters in which the parties are involved, or to parent his children and be an active member of his community.

**IV.    Conclusion**

For the foregoing reasons, Defendant objects to Plaintiff's second, third, and fourth requests for relief as currently phrased.

Dated: November 25, 2024               Respectfully submitted,

                                                                  s/Keith R. Scranton
                                                                  Jeffrey A. Springer, #6793
                                                                  Keith R. Scranton, #42484
                                                                  Christopher S. Maciejewski, #28963
                                                                  SPRINGER & STEINBERG, P.C.
                                                                  1400 S. Colorado Blvd., Suite 500
                                                                  Denver, Colorado 80202
                                                                  Telephone: 303-861-2800/Fax: 303-832-7116
                                                                  jspringer@springersteinberg.com
                                                                  kscranton@springersteinberg.com
                                                                  cmaciejewski@springersteinberg.com
                                                                  *Attorneys for Defendant Frank Maloit*

---

[2] She even failed to properly use restriction in her November 21, 2024 public filings, which publicized further information relating to Docket No. 19-2—information that Defendant only discussed in presently restricted Docket No. 28.

## CERTIFICATE OF SERVICE

  I hereby certify that on November 25, 2024, I caused the foregoing to be served on the following attorney via CM/ECF:

Joseph A. O'Keefe
Baker Law Group, LLC
7035 Campus Drive, Suite 702
Colorado Springs, CO 80920
joseph@jbakerlawgroup.com
*Attorneys for Plaintiff Jane Doe*

                *s/Heather M. Bolton*
                Heather M. Bolton, Paralegal