IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02383-PAB-KAS

DANIELLE MALOIT,

    Plaintiff,

v.

FRANK DANIEL MALOIT,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on **Defendant's Motion to Amend Joint Protective Order** [#47] (the "Motion"). Plaintiff Danielle Maloit did not file a response in opposition to the Motion. Despite this, Defendant Mr. Maloit filed a Reply [#50].

    Defendant Mr. Maloit seeks "to add a specific document sharing designation for persons appointed by the post decree court with jurisdiction over the parties' ongoing domestic relations case to the list of those already permitted to see and use information in that case" pursuant to the Joint Protective Order [#31]. *Motion* [#47] at 1.

    The Court has the power to modify protective orders at its discretion. *Brave Law Firm, LLC v. Truck Accident Lawyers Grp., Inc.*, 843 Fed. Appx. 134, 138 (10th Cir. 2021); *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). Plaintiff Ms. Maloit has not responded to the Motion and has not demonstrated that Defendant Mr. Maloit's proposed modification would prejudice her substantial rights. *See United States v. Koch*, No. 23-1259, 2024 WL 1270720, at *2 (10th Cir. Mar. 26, 2024) (upholding the district court's

modification of a protective order because the "[d]efendant did not argue that modification of the protective order would prejudice her rights, and the [c]ourt cannot identify any potential prejudice."); *United States v. Hess*, No. 20-cr-00098-CMA-GPG, 2023 WL 5309821, at *2 (D. Colo. Aug. 11, 2023) (granting an opposed motion to modify a protective order where the defendants failed to demonstrate that the modification would "tangibly prejudice[]" their substantial rights). Defendant Mr. Maloit argues that "the undisputed facts demonstrate that the parties intended" the Joint Protective Order [#31] "to include a sharing provision so that persons associated with the parties' post decree case are able to be provided, view, and evaluate documents produced pursuant to the JPO in this case." *Reply* [#50] at 2. Plaintiff Ms. Maloit has not opposed Defendant Mr. Maloit's assertion that the proposed modification would be consistent with both parties' intent.

Absent opposition from Plaintiff Ms. Maloit and any reason to believe the proposed modification of the protective order would prejudice her rights, the Court uses its discretion here to amend the Joint Protective Order [#31] as requested.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that the Joint Protective Order [#31] is amended to include a section 4.j. that permits confidential documents, materials, and/or information to be disclosed to any Parental Coordinator/Decision Maker ("PCDM"), Child Family Investigator ("CFI"), Parental Responsibilities Evaluator ("PRE"), Child Legal Representative ("CLR" formally GAL), or similar person.

Dated: April 23, 2025