**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:24-cv-02383-PAB-KAS

DANIELLE MALOIT,

      Plaintiff-Counterclaim Defendant,

v.

FRANK DANIEL MALOIT,

      Defendant-Counterclaimant.

---

**DEFENDANT'S D.C.COLO.LCivR 7.2 MOTION TO RESTRICT EXHIBIT G TO CONTEMPORANEOUSLY FILED MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37**

---

      Defendant Frank Daniel Maloit, by and through his counsel, Springer & Steinberg, P.C., pursuant to D.C.COLO.LCivR 7.2, files this Motion to Restrict Exhibit G to Defendant's Contemporaneously Filed Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 ("the Exhibit") and requests that access to the Exhibit be restricted to Level 1 access, thereby limiting access to only the parties and the Court.

**I.      Certificate of Conferral**

      Defendant has attempted to confer with Ms. Maloit in her pro se capacity regarding this motion. Ms. Maloit claimed that she would confer in good faith on or before January 2, 2026; she did not, despite the undersigned seeking availability for such conferral. Further, Ms. Maloit was present in court on July 15, 2025 when the court made clear the duty to properly confer. Further, Defendant has attempted to confer with Ms. Maloit on multiple occasions regarding

1

confidentiality designations for her deposition. Ms. Maloit has failed to respond and has failed to provide any designations. It is unknown whether Ms. Maloit opposes this motion.

## II.    Standard of Review

District of Colorado Local Civil Rule 7.2 permits a court to restrict access to court documents and proceedings where (1) a party's privacy interests outweighs the presumption of public access, public interest; (2) there is a clearly defined and serious injury that would result if access is not restricted; and (3) where no alternative to restriction is practicable or why only restriction will adequately protect the interest in question. D.C.COLO.LCivR 7.2(c).

While courts recognize a common-law right of access to court records, the right is not absolute. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Courts are thus granted discretion to seal documents where the public's access right is outweighed by competing interests. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). Courts weigh the public interests against those advanced by the parties. *Id.* To overcome the presumption of public access, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [court's] decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011) (quoting *Helm*, 565 F.3d at 1291) (internal quotation marks omitted).

"[P]rivacy interests have been found to be sufficiently compelling to overcome the presumption of openness." *Huddleson v. City of Pueblo, Colorado*, 270 F.R.D. 635, 637 (D. Colo. 2010). Courts are permitted to order any filing to be made under seal without redaction, Fed. R. Civ. P. 5.2(d), and information regarding minors must be limited to their initials and otherwise redacted, Fed. R. Civ. P. 5.2(a)(3).

### III.     Argument

Mr. Maloit seeks sanctions arising from Ms. Maloit's discovery conduct in this case. In seeking such sanctions, Mr. Maloit is relying on certain exhibits, including excerpts from the deposition of Ms. Maloit. While Mr. Maloit has provided his proposed confidentiality designations to both Ms. Maloit and the court reporter, Ms. Maloit has refused to respond to requests regarding confidentiality designations, and refused to confer regarding this motion.

At the conclusion of Ms. Maloit's deposition, the parties counsel, in accordance with the Joint Protective Order, agreed that the transcript would remain confidential while the parties awaited the transcript and then made confidentiality designations. At deposition counsel agreed to a shorter time period than that in the Joint Protective Order (21 days instead of 35 days, Docket No. 31 at ¶7). Prior to Ms. Maloit making any confidentiality designations, Ms. Maloit's counsel filed a motion to withdraw, which was granted. The undersigned emailed Ms. Maloit regarding confidentiality designations and agreed to wait for 35 days in order to give her more time to make designations, while at the same time providing Mr. Maloit's proposed designations, which Ms. Maloit could have used as a template. Ms. Maloit did not provide any confidentiality designations, and the 35 day period has long since passed.

While Mr. Maloit contends that most, if not all, of the excerpted portions of Exhibit G do not warrant confidentiality as the sole minor's name mentioned in the transcript and subject to confidentiality has been redacted, out of an abundance of caution, and to provide Ms. Maloit with the opportunity to argue for confidentiality should she wish to designate any portion of her deposition transcript as reflected in Exhibit G as confidential, Mr. Maloit seeks level 1 restriction

of Exhibit 1 until such point that Ms. Maloit either concedes that Exhibit G is not confidential or files a response to this motion seeking to retain level 1 confidentiality of Exhibit G.

Mr. Maloit also notes that certain of the testimony contained in Exhibit G could be construed as personally embarrassing to Ms. Maloit or third parties identified in the transcript, including identification of the web addresses at which Ms. Maloit's pictures can still be located and descriptions of personal issues that Ms. Maloit contends one third party is going through. In light of this content, Mr. Maloit concedes that it is possible that Ms. Maloit may seek level 1 restriction, and to that end, Mr. Maloit submits the issue to the Court for evaluation.

## IV.    Conclusion

Out of an abundance of caution, Mr. Maloit seeks potential level 1 restriction of Exhibit G. Moreover, as potentially embarrassing information is discussed in Exhibit G as to Ms. Maloit and one or more third parties, Mr. Maloit submits that level 1 restriction might be appropriate, and as such, submits the issue to the Court for evaluation.

DATED: January 9, 2026

*s/ Keith R. Scranton*
Keith R. Scranton, CO Atty. No. 42484
Springer & Steinberg, P.C.
1400 S. Colorado Blvd.; Suite 500
Denver, CO 80222
(t) 303.861.2800
(f) 720.225.3528
kscranton@springersteinberg.com
*Counsel for Defendant-Counterclaimant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 9, 2026, I filed the foregoing **DEFENDANT'S D.C.COLO.LCivR 7.2 MOTION TO RESTRICT EXHIBIT G TO CONTEMPORANEOUSLY FILED MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37** via CM/ECF and served it on Plaintiff via both e-mail and U.S. Mail as follows:

Danielle Maloit
10350 Stagecoach Avenue
Firestone, CO 80504
teammaloit@gmail.com

*s/ Keith R. Scranton*
Keith R. Scranton, CO Atty. No. 42484
