IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-02383-PAB-KAS

DANIELLE MALOIT,

      Plaintiff-Counterclaim Defendant,

v.

FRANK DANIEL MALOIT,

      Defendant-Counterclaimant.

---

**DEFENDANT'S MOTION TO RESTRICT EXHIBITS IN SUPPORT OF REPLY IN
SUPPORT OF SANCTIONS**

---

Defendant Frank Daniel Maloit, pursuant to D.C.COLO.LCivR 7.2, files this Motion to

Restrict Exhibits to Defendant's Contemporaneously Filed Reply to Response to Motion for

Sanctions ("the Exhibits") and requests that access to the Exhibits be restricted to Level 1 access,

thereby limiting access to only the parties and the Court.

**I.      Certificate of Conferral**

Defendant has attempted to confer with Ms. Maloit in her pro se capacity regarding this

motion. As with Defendant's prior conferral attempts, Ms. Maloit did not respond. It is unknown

whether Ms. Maloit opposes this motion.

**II.     Standard of Review**

District of Colorado Local Civil Rule 7.2 permits a court to restrict access to court

documents and proceedings where (1) a party's privacy interests outweighs the presumption of

public access, public interest; (2) there is a clearly defined and serious injury that would result if

1

access is not restricted; and (3) where no alternative to restriction is practicable or why only restriction will adequately protect the interest in question. D.C.COLO.LCivR 7.2(c). While courts recognize a common-law right of access to court records, the right is not absolute. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Courts are thus granted discretion to seal documents where the public's access right is outweighed by competing interests. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). Courts weigh the public interests against those advanced by the parties. *Id*. To overcome the presumption of public access, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [court's] decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011) (quoting *Helm*, 565 F.3d at 1291) (internal quotation marks omitted). "[P]rivacy interests have been found to be sufficiently compelling to overcome the presumption of openness." *Huddleson v. City of Pueblo, Colorado*, 270 F.R.D. 635, 637 (D. Colo. 2010). Courts are permitted to order any filing to be made under seal without redaction, Fed. R. Civ. P. 5.2(d), and information regarding minors must be limited to their initials and otherwise redacted, Fed. R. Civ. P. 5.2(a)(3).

III.     **Argument**

In support of Mr. Maloit's Reply to Plaintiff's Response to Motion for Summary Judgment, he is relying on excerpts from the deposition of Ms. Maloit and supplemental disclosures that contain private information. While Mr. Maloit has provided his confidentiality designations to both Ms. Maloit and the court reporter, Ms. Maloit has refused to respond to requests regarding confidentiality designations, and refused to confer regarding this motion.

At the conclusion of Ms. Maloit's deposition, the parties counsel, in accordance with the Joint Protective Order, agreed that the transcript would remain confidential while the parties awaited the transcript and then made confidentiality designations. At deposition counsel agreed to a shorter time period than that in the Joint Protective Order (21 days instead of 35 days, Docket No. 31 at ¶7). Prior to Ms. Maloit making any confidentiality designations, Ms. Maloit's counsel filed a motion to withdraw, which was granted. Mr. Maloit's prior counsel emailed Ms. Maloit regarding confidentiality designations and agreed to wait for 35 days to give her more time to make designations, while at the same time providing Mr. Maloit's proposed designations. Ms. Maloit did not provide any confidentiality designations.  While Mr. Maloit contends that most, if not all, of the excerpted portions of the exhibits do not warrant confidentiality, out of an abundance of caution, and to provide Ms. Maloit with the opportunity to argue for confidentiality should she wish to designate any portion of her deposition transcript or supplemental disclosures as reflected in the exhibits, Mr. Maloit seeks level 1 restriction of the exhibits to his Reply to Plaintiff's Response to Motion for Sanctions until such point that Ms. Maloit either concedes that the exhibits are not confidential or files a response to this motion seeking to retain level 1 confidentiality.

Despite Ms. Maloit's repeated public filing of exhibits that likely should be filed under restriction, Mr. Maloit files this motion to avoid further exacerbating the allegations raised in Ms. Maloit's initial complaint.

Mr. Maloit also notes that certain of the testimony contained in the exhibits could be construed as personally embarrassing to Ms. Maloit as it includes identification of the web addresses at which Ms. Maloit's pictures can still be located. In light of this content, Mr. Maloit

3

concedes that it is possible that Ms. Maloit may want level 1 restriction despite her previous public filings and lack of any conferral on this topic in several months, and to that end, Mr. Maloit submits the issue to the Court for evaluation.

### IV.    Conclusion

Out of an abundance of caution, Mr. Maloit seeks potential level 1 restriction for the exhibits to his Reply to Plaintiff's Response to Motion for Summary Judgment. Moreover, as potentially embarrassing information is discussed in the exhibits as to Ms. Maloit, Mr. Maloit submits that level 1 restriction might be appropriate, and as such, submits the issue to the Court for evaluation.

Respectfully Submitted April 11, 2026                *s/ Frank Maloit*
                                                      Frank Maloit, Pro Se


## CERTIFICATE OF SERVICE

I certify that on April 11, 2026 I filed the foregoing MOTION TO RESTRICT EXHIBITS IN SUPPORT OF REPLY IN SUPPORT OF SUMMARY JUDGMENT via CM/ECF, and served a true and correct copy of the foregoing upon Plaintiff via e-mail at the address below.

Danielle Maloit
10350 Stagecoach Avenue
Firestone, CO 80504
teammaloit@gmail.com

                                                      *s/ Frank Maloit*
                                                      Frank Maloit, Pro Se


4