IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02383-PAB-KAS

DANIELLE MALOIT,

      Plaintiff/Counter Defendant,

v.

FRANK DANIEL MALOIT,

      Defendant/Counter Claimant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the following motions:

(1)    Defendant's **D.C.COLO.LCivR 7.2 Motion to Restrict Exhibit G to Contemporaneously Filed Motion for Sanctions Pursuant to FED. R. CIV. P. 37** [#88];

(2)    Defendant's **D.C.COLO.LCivR 7.2 Motion to Restrict Exhibits to Contemporaneously Filed Motion for Summary Judgment as to All of Plaintiff's Claims** [#92];

(3)    Defendant's **Motion to Restrict Exhibit D in Support of Reply in Support of Summary Judgment** [#114];

(4)    Defendant's **Motion to Restrict Exhibits in Support of Reply in Support of Sanctions** [#119].

In accordance with D.C.COLO.LCivR 7.2(d), the Motions [#88, #92, #114, #119] were publicly posted to allow for any objections to the sealing of the documents and records. No timely objections were filed. Further, Plaintiff filed no responses to the Motions and her deadline to do so has passed.

## A.    Motion to Restrict [#88]

Defendant first seeks the Court's leave to restrict at Level 1[1] excerpts from Plaintiff's deposition in this matter, which he attached as an exhibit to his Motion for

---

[1] Level 1, the least restrictive, limits access to the documents to the parties and the Court. *See* D.C.COLO.LCivR 7.2(b).

Sanctions [#87]. *See Def.'s Ex. G, Plf.'s Depo.* [#89]. Defendant represents that he has already redacted the information that, in his view, is confidential (the name of a non-party minor). *Motion* [#88] at 3. The Court agrees that such a redaction is appropriate. However, in the Court's view, personal, sensitive, and potentially embarrassing information about nonparties is scattered throughout the transcript making redaction impracticable for the filing party. Therefore, the presumption of public access is outweighed by the nonparties' interest in privacy. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#88] is **GRANTED**. The Clerk of Court is directed to maintain **ECF No. 89** under **RESTRICTION at Level 1**.

### B.    Motion to Restrict [#92]

Defendant next seeks the Court's leave to restrict three exhibits to his Motion for Summary Judgment [#91].

The first exhibit is another excerpted copy of Plaintiff's deposition. *Def.'s Ex. A, Plf.'s Depo.* [#93-1]. The Court's above order also applies here.

The second exhibit is an image containing Plaintiff's personal login information to her RedClouds account. *Def.'s Ex. B, Depo. Ex. 206 - RedClouds Information* [#93-2]. The Court finds that, in this instance, the presumption of public access to Court files is outweighed by Plaintiff's interest in the privacy of her personal login credentials for RedClouds.

The third exhibit contains multiple photographs of Plaintiff, fully clothed, holding a sign intended to communicate a message to followers on RedClouds. *Def.'s Ex. C, Photographs* [#93-3]. Given that the photographs are not intimate in nature, the Court perceives no clearly defined and serious injury that would result if access is not restricted. Plaintiff has put squarely at issue her consent to and affirmative participation in erotic content creation by filing this lawsuit. Therefore, the presumption of public access to Court files revealing such participation outweighs the Plaintiff's interest in privacy. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#92] is **GRANTED in part and DENIED in part**. The Motion [#92] is **GRANTED** with respect to Plaintiff's deposition. The Clerk of Court is directed to maintain **ECF No. 93-1** under **RESTRICTION at Level 1**.

IT IS FURTHER **ORDERED** that the Motion [#92] is **GRANTED** as to Plaintiff's login credentials, and the Clerk of Court is directed to maintain **ECF No. 93-2** under **RESTRICTION at Level 1**.

IT IS FURTHER **ORDERED** that the Motion [#92] is **DENIED** as to the photographs of Plaintiff's face, and the Clerk of Court is directed to **LIFT** the Level 1 Restriction of **ECF No. 93-3**.

**C.    Motion to Restrict [#114]**

Defendant again seeks to restrict excerpts of Plaintiff's deposition that he attached as an exhibit to his Reply in Support of Motion for Summary Judgment [#113], for the same reasons already discussed above. See *Def.'s Ex. D, Plf.'s Depo.* [#115]. The Court's above order also applies here. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#114] is **GRANTED**. The Clerk of Court is directed to maintain **ECF No. 115** under **RESTRICTION at Level 1**.

**D.    Motion to Restrict [#119]**

Finally, Defendant seeks to restrict two exhibits attached to his Reply in Support of Motion for Sanctions [#118].

The first exhibit is a copy of Plaintiff's Fourth Supplemental Responses and Objections to Defendant's First Set of Written Discovery. *Def.'s Ex. I, Plf.'s 4th Supp. Responses* [#120-1]. Defendant appears to have redacted, by hand, the information that, in his view, should remain confidential. However, personal, sensitive, and potentially embarrassing information about nonparties is scattered throughout this exhibit, making further redaction impracticable for the filer.

The second exhibit, and subsequently filed corrected version of the same, is a copy of the publicly available Deed of Trust associated with Plaintiff's refinance of her home. Indeed, Defendant labels the exhibit as a "Public Record." *Def.'s Ex. M, Refinance Docs.* [#120-2]; *Def.'s Corrected Ex. M, Refinance Docs.* [#121]. Therefore, the Court perceives no clearly defined and serious injury that would result if access is not restricted. The presumption of public access to Court files outweighs the Plaintiff's interest in privacy. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#119] is **GRANTED in part and DENIED in part**. The Clerk of Court is directed to **MAINTAIN** the Level 1 Restriction of **ECF No. 120-1** and to **LIFT** the Level 1 Restriction of **ECF Nos. 120-2 and 121.**

Dated:   July 27, 2026