IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02383-PAB-KAS

DANIELLE MALOIT,

      Plaintiff/Counter Defendant,

v.

FRANK DANIEL MALOIT,

      Defendant/Counter Claimant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion for Clarification** [#130] (the "Motion"). Defendant seeks clarification on the following point:

> On page 27 of the Order and Recommendation [#126], the Court ordered: "Counsel for Defendant shall file a Motion for Fees and Costs no later than August 26, 2026, in which Defendant clearly explains how each billing entry and/or cost for which reimbursement is sought (1) stems from Plaintiff and her former counsel's sanctionable conduct, and (2) is connected to the events giving rise to the September 29, 2025 Discovery Hearing."
>
> . . . .
>
> Does the Court require Defendant's limited-scope counsel, Keith Scranton, to draft and file the entire Motion for Fees and Costs? Or may Defendant draft and file the motion pro se, provided he includes an affidavit from Mr. Scranton that satisfies D.C.COLO.LCivR 54.3, containing a summary of relevant qualifications and experience, a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed? Requiring limited-scope counsel to draft and file the entire motion would increase the fees incurred, which may ultimately be assessed against Plaintiff and her former counsel.

*Motion* [#130] at 1-2.

IT IS HEREBY **ORDERED** that the Motion [#130] is **GRANTED**. Clarification is provided as follows: Defendant, who proceeds with limited scope counsel, **may** draft and file the Motion for Fees and Costs pro se as he proposes, provided that it is supported

with an affidavit from his limited scope counsel.

Dated:  August 6, 2026