IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-02383-PAB-KAS

DANIELLE MALOIT,

Plaintiff/Counter-Defendant,

v.

FRANK DANIEL MALOIT,

Defendant/Counter-Claimant.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Order and Recommendation of Magistrate Judge [Docket No. 126]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 126 at 7-8; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 29, 2026. No party has objected to the Recommendation.[1]

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party

[1] On August 26, 2026, plaintiff, now represented by counsel, filed a response to the magistrate judge's order to show cause as to why the court should not further sanction plaintiff for her submission of defective legal citations. *See generally* Docket No. 141. However, plaintiff does not object to the magistrate judge's recommendation that the Court grant defendant's motion for summary judgment on plaintiff's claims. *See id.*

objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** that the Order and Recommendation of Magistrate Judge [Docket No. 126] is **ACCEPTED**. It is further

**ORDERED** that Defendant's Motion for Summary Judgment as to all of Plaintiff's Claims [Docket No. 91] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims 1, 2, and 3 are **DISMISSED with prejudice.** It is further

**ORDERED** that the portion of Defendant's Motion for Sanctions [Docket No. 87] that moves for the dismissal of plaintiff's claims as a sanction is **DENIED as moot**.[3]

DATED September 1, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[2] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

[3] Because the Court will grant defendant's motion for summary judgment, his request that plaintiff's claims be dismissed as a sanction is moot. Defendant also moves for attorney's fees as a sanction. *See* Docket No. 126 at 2 n.4. The magistrate judge granted that request, *see id.* at 23-24, and defendant filed his motion for attorney's fees on August 25, 2026, which awaits a response from plaintiff and plaintiff's former counsel, Randee Stapp. *See* Docket Nos. 139, 145.